UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICIA BEYARD, ET AL.                CIVIL ACTION NO. 06-2296

versus                                 JUDGE WALTER

CADDO PARISH COMMISSION, ET AL.        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Patricia Beyard ("Plaintiff") is the mother of Gregory Holmes, Jr., who died while in custody at the Forcht Wade Correctional Center, a prison operated by the Louisiana Department of Public Safety and Corrections. Plaintiff named several defendants. She later voluntarily dismissed the local sheriff and a parish commissioner. Now before the court is a Motion to Dismiss (Doc. 9) filed by several of the state defendants. The movants are the Louisiana Department of Public Safety and Corrections, Secretary Richard Stalder, the Louisiana Department of Health and Hospitals, Secretary David Hood, Forcht Wade Warden Anthony Batson, and Jimmy Guidry (a Louisiana State Health Officer).

The motion attacked the adequacy of Plaintiff's allegations in her complaint. No responsive pleadings have been filed, so Plaintiff could have responded by amending her complaint, even without the need for a leave of Court. Zaidi v. Ehrlich, 732 F.2d 1218 (5th Cir. 1984). She did not. She chose instead to stand on the adequacy of her original complaint. For the reasons that follow, none of the federal claims in the complaint survive Rule 12(b)(6) scrutiny. The court should resolve all federal claims for the reasons

recommended below, and it should decline to exercise supplemental jurisdiction over the remaining state law claims.

**Rule 12(b)(6) Standards**

A district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 78 S.Ct. 99, 101-02 (1957). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. Lowrey v. Texas A&M Univ. System, 117 F.3d 242, 247 (5th Cir. 1997). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993).

**Plaintiff's Allegations**

Gregory Holmes, Jr. had his probation revoked and was sentenced to serve a five year sentence. At the time the probation was revoked, Holmes was a "viable healthy African American male, with history of stomach ulcer." Complaint, ¶ 21. Holmes was transferred to Forcht Wade in 2005. He "became ill and began to request that he be allowed to see a physician; however, he was never allowed to see a physician." ¶¶ 22-23.

Holmes continued to request and plea for the services of a physician "because he began bleeding and had become very weak; however, no physician was never allowed to assess his condition." ¶ 24. The nursing staff provided "limited medication" that did not

improve Holmes' condition. ¶ 25. Holmes' condition deteriorated "to a point where he was unable to get out of bed at times; however, no staff member ever took his condition seriously." ¶ 26. On December 8, 2005, Holmes "became so ill that until he became unconscious and remained unconscious until he was pronounced dead." ¶ 27. "At no time was the deceased ever taken to the hospital or allowed to see a physician even though it was apparent that he was in need of emergency treatment." ¶ 28.

Defendants (unspecified) "knew or should have known" that Holmes' treatment "was punishment in violation of the Eighth Amendment." Defendants had knowledge of the acts and omissions described in the complaint, conspired to cause the acts or omissions, and neglected or refused to prevent the acts and omissions. ¶¶ 29-30.

**Eleventh Amendment and State Departments**

The Louisiana Department of Public Safety and Corrections and the Louisiana Department of Health and Hospitals contend that the Section 1983 and other claims against them are barred by Eleventh Amendment immunity. Merely stating that one is a state agency is not enough to gain entitlement to Eleventh Amendment immunity. Earles v. State Bd. of Certified Public Accountants, 139 F.3d 1033, 1036 (5th Cir. 1998). But the departments offer no analysis of the Eleventh Amendment factors discussed in Earles or citation to controlling authority that has held the departments to be arms of the state. They do cite two Supreme Court cases that generally address Eleventh Amendment immunity. Plaintiff filed a memorandum in opposition, but she did not address the issue at all.

The court's research revealed that the Fifth Circuit has squarely held that the Louisiana Department of Public Safety and Corrections is an arm of the State that is entitled to Eleventh Amendment immunity. Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312 (5th Cir. 1999. The Fifth Circuit has also held that the department then known as the Louisiana Department of Health and Human Services is an arm of the State entitled to Eleventh Amendment immunity. Darlak v. Bobear, 814 F.2d 1055 (5th Cir. 1987). That department is now known as the Department of Health and Hospitals and continues to enjoy immunity. Johnson v. Easley, 2003 WL 203103, *2 (E.D. La. 2003).

The Eleventh Amendment bar extends to both federal and state-law claims against the departments. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997). Accordingly, all claims against the two departments should be dismissed without prejudice. Warnock v. Pecos County, 88 F.3d 341, 343 (5th Cir. 1996) (Eleventh Amendment dismissals are without prejudice).

**Official Capacity Claims**

Plaintiff lists as defendants Warden Batson, Secretary Stalder, Director Hood and Health Officer Guidry. She alleges that each of them is sued "in his official capacity." Complaint, ¶¶ 11, 13, 15 & 17.

Plaintiffs often allege that a government official is sued in his or her "official capacity" when they do not really intend or understand the ramifications of the allegation. A true Section 1983 official capacity claim is one that invokes the exception to Eleventh

Amendment immunity that was carved out in Ex Parte Young, 28 S.Ct. 441 (1908). To meet the exception, the suit must allege that a state law or policy violated federal law, be brought against an individual in his official capacity as an agent of the state, and seek prospective declaratory or injunctive relief with respect to the law or policy at issue. Okpalobi v. Foster, 190 F.3d 337 (5th Cir. 1999); Aguilar v. Texas Dept. of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998). A claim for damages in an official capacity suit is barred under the Eleventh Amendment because the suit is in substance a claim against the state itself. Will v. Michigan Dept. of State Police, 109 S.Ct. 2304 (1989).[1]

Plaintiff's complaint does not seek to enjoin future application of a state policy or law. And Plaintiff has not made any argument in her memorandum that she has a viable official capacity claim. Accordingly, all claims against defendants Stalder, Batson, Hood and Guidry in their official capacities should be dismissed.

**Individual Capacity Claims**

Plaintiff's complaint states that each of the individual movants is sued only in his official capacity, but Plaintiff argues in her brief that the defendants are liable in their individual capacities. Plaintiffs frequently use the wrong language to describe their claims as individual or official capacity claims, so the courts will look to the "course of proceedings" to indicate the true nature of liability sought to be imposed. Kentucky v.

---

[1] An excellent discussion of the difference between an individual or personal capacity action and an official capacity action is set forth in Kentucky v. Graham, 105 S.Ct. 3099 (1985).

Graham, 105 S.Ct. at 3106 n. 14. Despite Plaintiff's use of the words official capacity, her other words and claims reflect that she is really seeking to impose individual liability. Accordingly, the court will assess whether Plaintiff has stated an actionable individual or personal capacity claim against any individual defendant.

Plaintiff's complaint cites a number of statutes and constitutional provisions, but her memorandum focuses solely upon an Eighth Amendment claim based on the alleged lack of proper medical care. For a convicted prisoner to prevail on a claim that his medical care (or lack of care) violated the Constitution, he must prove that prison or jail officials were "deliberately indifferent" to his "serious medical needs." Estelle v. Gamble, 97 S.Ct. 285, 291 (1976); Hare v. City of Corinth, 74 F.3d 633, 643 (5th Cir. 1996) (en banc). Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. Estelle, 97 S.Ct. at 291-92. Disagreement with the diagnostic measures or methods of treatment afforded by prison officials does not state a constitutional claim for indifference to medical needs. Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997).

The individual movants assert the defense of qualified immunity. "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002)(en banc). In a Rule 12(b)(6) contest, that means the Plaintiff must point to portions of his complaint "that state with factual detail and particularity the basis for the claim which necessarily

includes why the defendant-official cannot successfully maintain the defense of immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir. 1994).

Plaintiff's complaint does not contain a single, specific allegation that defendants Stalder, Batson, Hood or Guidry personally did or did not do anything. Rather, Plaintiff's complaint relies solely upon general allegations that "Defendants" knew certain things or failed to take certain actions. The complaint states that the term "Defendants" is intended to refer to whichever defendant is (allegedly) responsible for the particular acts or omissions alleged, but that is a far cry from providing the "factual detail and particularity" required of Plaintiff, especially when it is considered that there are fourteen named defendants.

Plaintiff's conclusory and generic allegations that lump all defendants in one group are insufficient to defeat the qualified immunity defenses raised by the four individual movants. Plaintiff, to allege deliberate indifference, "must establish that the [prison] officials were actually aware of the risk, yet consciously disregarded it." Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002). And each defendant's subjective deliberate indifference must be examined separately. Knowledge by other prison officials is not automatically imputed to another individual defendant. Id. Similarly, the doctrine of *respondeat superior* does not apply to Section 1983 claims, so supervisory officials may not be held liable based on the conduct of their subordinates. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999).

Plaintiff has not made any specific allegations with respect to an individual movant that place the defendant at Forcht Wade at the relevant times or otherwise explain how that defendant had personal knowledge of Mr. Holmes' medical condition. Plaintiff certainly has

Page 7 of 13

not alleged specific facts to support her allegation that the individuals conspired to cause the events that resulted in Mr. Holmes' death. Conclusory allegations of conspiracy are insufficient under Section 1983. <u>Dayse v. Schuldt</u>, 894 F.2d 170 (5th Cir. 1990); <u>Arsenaux v. Roberts</u>, 726 F.2d 1022, 1024 (5th Cir. 1982). In sum, Plaintiff's lump pleading that the many defendants generally had knowledge of certain facts or conspired to take certain actions are insufficient to overcome the qualified immunity defense pleaded by the individual movants.

Plaintiff's complaint contains several allegations that the defendants were negligent, and her memorandum invokes tort law and contends that negligence may be actionable under Section 1983. Mere negligent infliction of injury to a prisoner, however, does not state a Due Process claim under Section 1983. <u>Daniels v. Williams</u>, 106 S.Ct. 662 (1986). In the context of an Eighth Amendment medical care claim, "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference ... ." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006). Deliberate indifference to a serious medical need must be shown, and that is "an extremely high standard to meet." <u>Id</u> As discussed above, Plaintiff's pleadings do not meet the required standard.

**Other Claims**

Plaintiff's complaint invokes other federal statutes such as 42 U.S.C. §§ 1981, 1985 and 1994. Defendants' motion did not address any of those claims, but it did squarely ask for dismissal of the entire complaint. Plaintiff's response does not include any argument that she has viable claims under any federal statute other than Section 1983. Thus, it appears

Plaintiff has abandoned those other claims and chosen to concentrate on her Section 1983 claim. In any event, claims under the other statutes are also barred by the Eleventh Amendment or fail to state an actionable claim for reasons set forth at length in an unpublished Report and Recommendation that can be found on PACER in Long v. Smith, 99 CV 2039 (W.D. La.), Doc. 10.

**Other Defendants**

There are also a number of named defendants who have either not appeared in this action or who have not yet filed a dispositive motion. The court may dismiss the claims against those defendants on its own motion under Rule 12(b)(6), so long as the procedure employed is fair. Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). It is recommended, for the reasons set forth below, that all federal claims against all other defendants be dismissed. This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of her case. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Plaintiff names as a defendant "Fort Wade Parish Correctional Center." The movants point out in their motion that the actual name of the facility is Forcht Wade Correctional Center, a state (not parish) corrections facility. Defendant has also named as a defendant "Caddo Parish Sheriff Department." Those named defendants are not legal entities capable of being sued under Fed. R. Civ. P. 17(b). The sheriff (whom Plaintiff voluntarily dismissed), not the sheriff's office or department, is the person capable of being sued. Cozzo

v. Tangipohoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002). Similarly, Forcht Wade Correctional Center is simply the name of a prison building and grounds operated by the Department of Public Safety and Corrections.  Plaintiff has not demonstrated that the prison is a state agency or other legal entity capable of being sued.

Plaintiff names as defendants "State Health Officer" and "Caddo Parish Health Officer." Plaintiff alleges that the unspecified persons who hold those offices are responsible for periodically inspecting correctional institutions to determine whether the institutions are in compliance with established standards. There are no other allegations with respect to these defendants.  Even if Plaintiff had named the actual persons who hold those offices, there are insufficient allegations against them to state an Eighth Amendment "deliberate indifference" claim upon which relief could be granted.

Plaintiff names as defendant "Belinda Everett, Caddo Parish Health Officer" in her official capacity.  The complaint makes no specific allegations against Ms. Everett, so she is also entitled to dismissal.

Plaintiff names as a defendant the Caddo Parish Police Jury, which she alleges is responsible for overseeing the enforcement of laws in Caddo Parish jails and the treatment of inmates confined at Forcht Wade.  This defendant is sued based on the mistaken impression that Forcht Wade is a parish jail.  The court can take judicial notice, based upon the thousands of cases from Forcht Wade that are handled in this division, that the prison is a state-operated facility.  Furthermore, the Section 1983 liability of an entity such as a police jury must be premised upon a Monell custom or policy that caused a constitutional violation.

Rainwater v. 36th Judicial Court, 2006 WL 2714435, *3 (W.D. La. 2006). Plaintiff has not made allegations of such a policy.[2]

**State Law Claims**

Two defendants were dismissed voluntarily. This Report and Recommendation, if accepted, would result in the dismissal of all federal claims against the remaining defendants. Plaintiff has also alleged state law tort claims under La. Civ. Code art. 2315. Plaintiff has not invoked diversity jurisdiction, so the court has only supplemental jurisdiction over those state law claims.

The Fifth Circuit has stated that the general rule is that state law claims should be dismissed once the federal claims have been dismissed. Parker & Parsley Petroleum Co. v. Dresser Indus., 972 F.2d 580, 585 (5th Cir. 1992); Engstrom v. First National Bank of Eagle Lake, 47 F.3d 1459, 1465 (5th Cir. 1995). The court should follow the general rule in this case, especially when the federal claims have been dismissed so early in the litigation.

Accordingly;

**IT IS RECOMMENDED** that the **Motion to Dismiss (Doc. 9)** be **granted** as follows:

1. All claims against the Louisiana Department of Public Safety and Corrections (referred to in the complaint as Louisiana Department of Corrections) be dismissed without prejudice for lack of subject matter jurisdiction;

---

[2] Caddo Parish is actually governed by a parish commission rather than a police jury. No matter the form of parish governing body, there are not sufficient allegations against it in the complaint to survive Rule 12(b)(6) scrutiny.

2. All claims against the Louisiana Department of Health and Hospitals be dismissed without prejudice for lack of subject matter jurisdiction;

3. All federal official capacity claims against Richard Stalder, David Hood, Anthony Batson and Jimmy Guidry be dismissed without prejudice for lack of subject matter jurisdiction; and

4. All federal individual capacity claims against Richard Stalder, Anthony Batson, David Hood and Jimmy Guidry be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that all federal claims against all remaining defendants be dismissed for failure to state a claim upon which relief can be granted, and that all state law claims asserted in the complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 27th day of April, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE